UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

CPA ADVISORS, LLC, )
)
    Plaintiff, )
)     Civil Action No.
v. )
)     _____
ACRISURE, LLC, and )
HARTFORD FIRE INSURANCE )     JURY TRIAL DEMANDED
COMPANY, )
)
    Defendants. )

## VERIFIED COMPLAINT

COMES NOW Plaintiff CPA Advisors, LLC ("CPA Advisors") and files this Complaint against Defendants Acrisure, LLC ("Acrisure") and Hartford Fire Insurance Company ("Hartford"), respectfully showing the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff CPA Advisors is a Georgia limited liability company with its sole place of business in Richmond County, Georgia, being comprised solely of members who reside in the Southern District of Georgia.

2. Defendant Acrisure is a Michigan limited liability company with its principal place of business in Michigan, being comprised solely of members who reside in Michigan and Delaware. Acrisure can be served through its registered agent in Gwinnett County, Georgia.

1

3.    Defendant Hartford is a Connecticut corporation with its principal place of business in Connecticut.  Hartford can be served through its registered agent in Gwinnett County, Georgia.

4.    The causes of action in this lawsuit originated in this judicial district.

5.    Defendants are subject to the personal jurisdiction of this Court and venue for this action is proper.

6.    The matters in dispute exceed the value of $75,000, exclusive of interest and costs, and this action is between parties of different states.

7.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## STATEMENT OF FACTS

8.    CPA Advisors provides accounting services to its customers throughout the Augusta, Georgia area.

9.    As the insurance agency for CPA Advisors, Acrisure (which previously operated as ACHS Insurance) obtained insurance policies for CPA Advisors in areas including property, workers compensation, and professional malpractice liability for several years.

10.    Acrisure in effect worked as CPA Advisors' insurance broker and held its employees out as CPA Advisors' one stop for all insurance-related concerns.

11.    Hartford provided insurance coverage for CPA Advisors for property, workers compensation, and professional malpractice for several years.

12. For several years, CPA Advisors would be contacted directly by Acrisure and Hartford when the contract for property and workers compensation insurance renewals were due.

13. When contacted, CPA Advisors always continued coverage and made premium payments.

14. For professional malpractice coverage renewals, Acrisure would inform CPA Advisors when a professional malpractice policy payment was coming due. In response, CPA Advisors would authorize Acrisure to take payment from CPA Advisors' linked bank account, which routing information was on file with Acrisure.

15. In 2021, CPA Advisors was enrolled in "auto pay" for its annual premiums for its professional malpractice insurance.

16. CPA Advisors has "auto renewal" for its professional malpractice insurance so there would never be a future issue of potential lapse of coverage.

17. In 2021, 2022, and 2023, CPA Advisors paid its premiums through "auto pay" after notification from Acrisure and/or Hartford of the impending charges to CPA Advisors' linked account.

18. Through no fault of CPA Advisors, Acrisure and Hartford failed to automatically take CPA Advisors' payment for 2024 for professional malpractice insurance coverage despite CPA Advisors having authorized "auto renewal."

3

19. In June/July/August 2024, neither Hartford nor Acrisure contacted CPA Advisors to notify CPA Advisors of any pending payment, potential lapse, or other issue related to its professional malpractice insurance.

20. That year, neither Hartford nor Acrisure ever contacted CPA Advisors directly concerning professional malpractice coverage renewal, either to inform CPA Advisors that a policy term was ending, that renewal was upcoming, or that a policy had lapsed but that a "grace" period for renewal was allowed.

21. A professional malpractice claim against CPA Advisors and two of its principals was made in April 2025, which is the basis of a pending lawsuit in the Superior Court of Richmond County, Georgia: *Olson et al v. CPA Advisors et al*, case number 2025RCCV00286.

22. Upon CPA Advisors' notification to Acrisure and – through Acrisure – to Hartford, of that malpractice claim and lawsuit. Acrisure informed CPA Advisors that its professional malpractice coverage lapsed in 2024 due to Acrisure's negligence and inaction. Had Acrisure and Hartford properly informed CPA Advisors that any action needed to be taken to renew the policy, CPA Advisors would have renewed the policy and would have had professional malpractice coverage for the April 2025 claim.

23. Acrisure has provided various explanations to CPA Advisors for this lapse in malpractice coverage, all of which involved fault by Acrisure and/or Hartford.

4

24. Acrisure has provided no explanation why Hartford never provided any direct communication to CPA Advisors regarding the coverage renewal status in 2024.

25. Acrisure has provided no satisfactory explanation why Acrisure never provided any direct communication to CPA Advisors regarding the coverage renewal status in 2024.

## FIRST COUNT
### (Breach of Contract)

26. CPA Advisors incorporates by reference the allegations in paragraphs 1-25 of this Complaint as if fully restated herein.

27. Acrisure had an agreement to obtain and maintain professional malpractice insurance coverage for CPA Advisors.

28. Acrisure breached their agreements by allowing the professional malpractice insurance coverage for CPA Advisors to lapse in 2024.

29. Hartford had an agreement to provide professional malpractice insurance coverage for CPA Advisors.

30. Hartford breached that agreement by not providing professional malpractice insurance coverage for the April 2025 claim against CPA Advisors.

31. CPA Advisors has incurred substantial economic harm and damages as a result of the breaches of the agreements of Acrisure and Hartford.

## SECOND COUNT
### (Bad Faith)

5

32.  CPA Advisors incorporates by reference the allegations in paragraphs 1-25 of this Complaint as if fully restated herein.

33.  The actions and inactions of Acrisure and Hartford directly led to CPA Advisors incurring substantial expenses and risks, all constituting bad faith.

34.  CPA Advisors is entitled to actual and punitive damages, plus costs and attorney's fees, for this bad faith.

### THIRD COUNT
### (Negligence)

35.  CPA Advisors incorporates by reference the allegations in paragraphs 1-25 of this Complaint as if fully restated herein.

36.  Acrisure and Hartford violated both their duty and their professional standards for the competent provision of insurance under Georgia law, including specific Georgia statutory and regulatory language that require insurance companies and brokers to notify their insureds of pending lapses in coverage.

37.  As a consequence of the actions and inactions of Acrisure and Hartford, CPA Advisors has been harmed in an amount to be determined by a jury, but including actual out of pocket costs and expenses, as well as the lack of insurance in an ongoing professional negligence suit.

## FOURTH COUNT
### (Attorney's Fees and Costs against Acrisure)

38. CPA Advisors incorporates by reference the allegations in paragraphs 1-25 of this Complaint as if fully restated herein.

39. Acrisure has been stubbornly litigious and acted in bad faith prior to the filing of this federal lawsuit as no bona fide controversy or dispute existed. Therefore, Plaintiff is entitled to recover costs and attorney's fees under O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

Wherefore, CPA Advisors respectfully prays that this Court:

A. Grant to CPA Advisors judgment in this action on all the counts of this Complaint;

B. Grant to CPA Advisors compensatory and punitive damages in an amount reasonable and commensurate with the losses imposed upon CPA Advisors by Acrisure and Hartford;

C. Grant to CPA Advisors its costs in this action and reasonable attorney's fees as provided by O.C.G.A. § 13-6-11;

D. Grant to CPA Advisors a jury trial on all issues triable; and

E. Grant such additional relief as the Court deems just and proper.

This 17th day of June, 2026.

CROWDER STEWART LLP

*/s/ Kenneth D. Crowder*
Georgia Bar No. 123985
*/s/ David M. Stewart*
Georgia Bar No. 140229
Post Office Box 160
Augusta, Georgia 30903
(706) 434-8799
ken@crowderstewart.com
david@crowderstewart.com

*Counsel for CPA Advisors*

# **VERIFICATION**

Personally appeared before me the undersigned who on oath state that the facts set forth in this Complaint are true and correct to the best of their knowledge and belief.

_Darryl James_
Darryl James
CPA Advisors, LLC

_Edward Brown_
Edward Brown
CPA Advisors, LLC

_Nicklaus Hill_
Nicklaus Hill
CPA Advisors, LLC

Sworn to and subscribed before me
This ⊥ day of June, 2026.



Notary Public
My Commission Expires 1/22/28

FRANCES MARTIN
NOTARY PUBLIC
COLUMBIA COUNTY
STATE OF GEORGIA
My Comm. Expires Jan. 22, 2028